**MAYER•BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

May 30, 2018

**Matthew D. Ingber**
Direct Tel +1 212 506 2373
Direct Fax +1 212 849 5973
mingber@mayerbrown.com

<u>VIA ECF</u>

The Honorable Arthur D. Spatt
U.S. District Court, Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

Re:   *Paul Jensen v. Cablevision Systems Corp. et al.*,
No. 2:17-cv-00100-ADS-AKT
**Notice of Supplemental Authority**

Dear Judge Spatt:

Defendants respectfully submit Judge Azrack's recent decision granting Cablevision's motion to compel arbitration in *Krafczek v. Cablevision Systems Corp.*, No. 17-cv-2915 (E.D.N.Y. Apr. 25, 2018) as supplemental authority supporting defendants' opposition to plaintiff's motion for class certification (Dkt. No. 64). A copy of the decision is attached as Exhibit A.

In *Krafczek*, Judge Azrack enforced the arbitration provision in Cablevision's General Terms and Conditions of Service, rejecting the plaintiff's contention that a contract containing the arbitration provision was not formed. Judge Azrack concluded, based on evidence submitted by Cablevision, that "Defendants' records indicate that the Terms, which included the arbitration clause, were displayed to Plaintiff at the time of installation" using an iPad device, and that "Plaintiff or his representative clicked 'I agree" and "provided a digital signature," and therefore twice "indicated agreement to the Terms." Ex. A, at 9. This process **is the same one** described in defendants' opposition to class certification, and the evidence introduced in *Krafczek* is equivalent to the evidence introduced by defendants here. *See* Dkt. No. 64 at 3-4, 10-11; Dkt. No. 64-19 (Decl. of Lou Riley in support of Defs.' Opp. to Class Certification). Moreover, in enforcing Cablevision's arbitration agreement, Judge Azrack considered the declarations submitted by Krafczek and his wife—in which both stated that they did not recall signing any documents—and concluded that, as a matter of established law, their lack of recollection was not enough to create a factual dispute about the making of the contract. *See* Ex. A, at 7-9.

The decision in *Krafczek* reinforces why this Court should reject Jensen's bid to certify a putative class that is full of subscribers who agreed to arbitrate their disputes with Cablevision on an individual basis:

- First, *Krafczek* shows that Jensen's arbitration-related arguments rest on a false premise. Specifically, Jensen contends that the arbitration provision is located solely in the

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable Arthur D. Spatt
May 30, 2018
Page 2

Optimum Online Terms (*e.g.*, Mot. 21-22; Reply 3-6), but as the holding in *Krafczek* demonstrates, Jensen's contention is simply untrue. In fact, the arbitration provision is also located in the General Terms and Conditions of Service, and the ways in which subscribers assent to those *General Terms* do not present any of the incorporation-by-reference issues with respect to the Optimum Online Terms that this Court considered at the motion to dismiss stage. *See* Opp. 9-11; *compare* Ex. A, at 2, 5-10.

- Jensen also ignores that many subscribers, like Krafczek, were presented with the **full text** of the General Terms—including the arbitration provision—on an iPad. The Court in *Krafczek* recognized that this method of contract formation—presenting the full terms on an electronic device and requiring an electronic click or signature to assent—is fully enforceable under New York law and binding Second Circuit precedent. *See* Ex. A, at 9; *see also* Opp. 10-11. Under *Krafczek*, then, none of these subscribers could be part of Jensen's proposed class for this reason alone (in addition to all of the other reasons why a class cannot be certified in this case).

- Finally, Judge Azrack's decision confirms that Jensen is flatly wrong in insisting that *none of* Cablevision's subscribers agreed to arbitrate. On the contrary, Judge Azrack found that Cablevision's evidence "detailing [its] business practice and the requirements for the installation of cable, internet, and telephone services" satisfied Cablevision's burden of proving the existence of an arbitration agreement. Ex. A, at 5-6. Moreover, even if any Cablevision subscriber did wish to challenge Cablevision's showing and dispute the formation of his or her arbitration agreement, *Krafczek* underscores that any such challenge must be resolved on an individual basis. As required by Second Circuit precedent, the *Krafczek* Court considered the parties' competing evidence by applying a "standard similar to that applied on a motion for summary judgment." Ex. A, at 4 (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Judge Azrack closely examined the individualized declarations submitted by Krafczek and his wife asserting a lack of recollection and concluded (correctly) that they failed to create a genuine factual dispute about the making of the arbitration agreement. Most pertinent here, this kind of thorough examination of individualized, plaintiff-specific attempts to rebut Cablevision's demonstration that its subscribers agreed to arbitrate their claims would be wholly unworkable on a class-wide basis.

Respectfully submitted,

/s/Matthew D. Ingber
*Counsel for Defendants*

CC (via ECF):  Counsel of Record